UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Carlos ZUNIGA, Defendant–
Appellant.

No. 92–10284.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1993.

Decided April 2, 1993.

As Amended Oct. 1, 1993.

John R. Hannah, Asst. Federal Public Defender, Phoenix, AZ, for defendant-appellant.

William Allen Stooks, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

Before: CHOY, PREGERSON, and BEEZER, Circuit Judges.

PREGERSON, Circuit Judge:

Juan Carlos Zuniga was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to prison. He appeals because the trial court failed to give the jury a requested alibi instruction. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

At 5:45 p.m., April 19, 1991, the Valley National Bank in Phoenix, Arizona was robbed. A lone robber gave a bank teller a demand note that stated: "4,000 or I'll blow your head off. At you a gun I got pointed." The teller gave the robber $1,705.00. Once the robber left the bank, an off-duty police officer, who was a customer of the bank, shouted that there were "two black men" in the robber's getaway car. Police traced the license plate number of the getaway car to Andres Gonzales Portal.

Portal told police that he had driven to the bank on April 19 with a friend, Damaso Olivera, and a casual acquaintance, Juan Zuniga. Portal, like Zuniga, is a heavy-set Black man of medium height, with a medium complexion, who speaks with a Cuban accent. Portal stated that only Zuniga had entered the bank, for about ten minutes. Portal also stated that he had no knowledge of any robbery occurring in the bank.

Police then questioned Olivera, who also stated that he had no knowledge of the robbery and that only Zuniga had gone into the bank on the day in question. Olivera also testified that he, Portal, and Zuniga drove around for 35 to 40 minutes after leaving the bank. Based on Portal's and Olivera's state-

ments, the police arrested Zuniga and charged him with bank robbery in violation of 18 U.S.C. § 2113(a). Upon arrest, police seized a striped shirt from Zuniga's apartment that was similar to one worn by the bank robber. Later, the victim teller identified Zuniga from a photographic lineup. A police officer testified that when he questioned Zuniga alone, Zuniga identified himself in a bank surveillance photo. This admission was neither recorded nor substantiated by another officer.

At trial, defense counsel argued that Portal, who looks like Zuniga and owns a baseball cap like the one worn by the robber, was in fact the man who robbed the bank. Defense counsel also presented alibi testimony from Zuniga's wife, Tammi Woods. Woods testified that Zuniga was at home with their baby when she returned from work on April 19, 1991. Based on the time she regularly leaves work and on bus schedules, Woods testified that she arrived home at "5:15, 5:30, [or] the latest, 6:00 [p.m.]." Based on this testimony, defense counsel asked the court to give Ninth Circuit Model Jury Instruction 6.01, concerning alibi. This instruction states:

> The defendant has introduced evidence to show that he was not present at the time and place of the commission of the offense charged in the indictment. The government has the burden of establishing beyond a reasonable doubt the defendant's presence at that time and place.
>
> If, after consideration of all the evidence, you have a reasonable doubt that the defendant was present at the time the crime was committed, you must find the defendant not guilty.

■ The issue presented by this appeal is whether the district court committed reversible error by refusing to instruct the jury on Zuniga's alibi defense. We have not yet decided whether to review a district court's denial of a proposed jury instruction de novo or for abuse of discretion. *See United States v. Frank,* 956 F.2d 872, 879 (9th Cir.1992) (citing *United States v. Slaughter,* 891 F.2d 691, 699 (9th Cir.1989)), *cert. denied,* — U.S. —, 113 S.Ct. 363, 121 L.Ed.2d 276 (1992). We need not resolve this issue on this appeal because the result would be the same under either standard.

"A defendant is entitled to an instruction concerning his [or her] theory of the case if it is supported by law and has *some foundation in the evidence.*" *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990) (emphasis added) (citing *United States v. Lopez,* 885 F.2d 1428, 1434 (9th Cir.1989), *cert. denied,* 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990)). Even if the alibi evidence is "weak, insufficient, inconsistent, or of doubtful credibility," the instruction should be given. *United States v. Washington,* 819 F.2d 221, 225 (9th Cir.1987) (citing *United States v. Doubleday,* 804 F.2d 1091, 1095 (9th Cir. 1986), *cert. denied,* 481 U.S. 1005, 107 S.Ct. 1628, 95 L.Ed.2d 201 (1987)).

An alibi instruction is critical because a juror, unschooled in the law's intricacies, may interpret a failure to prove the alibi defense as proof of the defendant's guilt. *United States v. Hoke,* 610 F.2d 678, 679 (9th Cir. 1980). To avoid this possibility, "[w]here alibi is the defense[,] a suitable *alibi* instruction *must be given when requested.*" *Hoke,* 610 F.2d at 679 (emphasis added).

A different jury instruction cannot be an adequate substitute for an alibi instruction:

> [I]nstructions on the presumption of innocence of the accused, and of the necessity of fastening every necessary element of the crime charged upon the accused beyond a reasonable doubt, *are not enough* in cases involving the necessary presence of the accused at a particular time and place, when the accused produces testimony that he was elsewhere at the time.... [A]n instruction ... *must be given* so as to acquaint the jury with the law that the government's burden of proof covers the defense of alibi, as well as all other phases of the case. Proof beyond a reasonable doubt as to the alibi never shifts to the accused who offers it, and if the jury's consideration of the alibi testimony leaves in the jury's mind a reasonable doubt as to the presence of the accused, then the government has not proved the guilt of the accused beyond a reasonable doubt.

*United States v. Ragghianti,* 560 F.2d 1376, 1379 (9th Cir.1977) (emphasis added) (quoting *United States v. Marcus,* 166 F.2d 497, 503 (3d Cir.1948)).[1]

■ In particular, we require more than an instruction on identification of the defendant as the perpetrator of the crime. An alibi is a distinct defense. *See Woratzeck v. Ricketts,* 820 F.2d 1450, 1457 (9th Cir.1987) (defendant's "defense theory" was an "alibi defense"), *vacated, on other grounds,* 486 U.S. 1051, 108 S.Ct. 2815, 100 L.Ed.2d 916 (1988); *Thomas v. Goldsmith,* 979 F.2d 746, 748 (9th Cir.1992) ("alibi defense"); *United States v. Bryser,* 954 F.2d 79, 87 (2d Cir.) (same), *cert. denied,* —— U.S. ——, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992); Fed.R.Crim.P. 12.1(a) (upon proper demand, defendant shall give prosecution "written notice of [her] intention to offer a defense of alibi"); *Black's Law Dictionary* 71 (6th ed. 1990) (alibi is "a defense").

An alibi defense differs from other mistaken identity defenses in an important respect: A defendant might win based on an alibi defense even if she does nothing at all to dispute the government's proof, because the alibi itself can create reasonable doubt. Without an alibi, the defendant would have to work much harder to disprove identity.

Moreover, the special treatment accorded the alibi defense under Rule 12.1 of the Federal Rules of Criminal Procedure suggests that it may deserve a special jury instruction. Rule 12.1 forces the defendant to notify the government of the "specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi." Fed. R.Crim.P. 12.1. Just as this rule focuses on the defendant's presence at the scene of the crime, the alibi instruction emphasizes the government's burden "of establishing beyond

a reasonable doubt the defendant's presence at [the] time and place" of the offense. Ninth Circuit Model Jury Instruction 6.01. Insofar as Rule 12.1 ensures the prosecution receives notice of an alibi, jurors should also be alerted to the nature of the alibi so they may carefully deliberate before giving the defendant the benefit of this powerful defense.

As stated above, Zuniga's wife, Tammi Woods, testified that on April 19, 1991 she arrived home at "5:15, 5:30, [or] 6:00 [p.m.] at the latest." At that time, she found Zuniga at home, caring for their daughter. Their daughter was not dressed as if she had been outside. Woods further testified that she firmly believed that Zuniga would not leave the child at home alone.

The robbery occurred at 5:45 p.m. Olivera told police that he, Portal, and Zuniga drove around for an additional 35 to 40 minutes after leaving the bank. Woods' testimony, standing alone, was sufficient to create an issue as to Zuniga's whereabouts at the time and place of the bank robbery. Therefore, the requested alibi instruction should have been given.

■ The prosecution contends that even if the district court erred in refusing to instruct the jury on Zuniga's alibi defense, such error was harmless. Our precedent does not support this argument. We have held that failure to instruct the jury on the defendant's theory of the case, where there is evidence to support such instruction, is reversible per se and can never be considered harmless error. *See United States v. Escobar de Bright,* 742 F.2d 1196, 1201 (9th Cir.1984) ("[O]ur cases must be read as meaning that a failure to instruct the jury on the defendant's theory of the case is reversible per se.... The right to have the jury instructed as to the defendant's theory of the case is one of those rights 'so basic to a fair trial' that failure to

---

1. The Second Circuit provides similar guidance on the issue of instructing the jury on an alibi defense. In *United States v. Burse,* 531 F.2d 1151, 1153 (2d Cir.1976), the court observed:

> Failure to establish an alibi does not properly constitute evidence of guilt since it is the burden of the government to prove the [guilt] of the defendant.... While jurors are apprised

in general terms of the government's burden to prove each element of the charged offense beyond a reasonable doubt, this broad admonition as to the government's obligations will not suffice under circumstances such as those [involved in an alibi defense].... Only a specific instruction can insure that this problem will not occur.

instruct where there is evidence to support the instruction can never be considered harmless error."). The trial court, however, is not required to give a particular instruction regarding the defense's theory of the case so long as the court's instructions adequately cover the subject. If the instructions adequately cover the theory of the defense, there is no error. *See Mason*, 902 F.2d at 1438.

The record shows that none of the court's instructions either addressed or adequately covered the alibi defense. Accordingly, the court's failure to give an adequate instruction on Zuniga's alibi defense theory requires reversal of his conviction and a remand for a new trial.

**REVERSED AND REMANDED.**