UNITED STATES of America,
Plaintiff–Appellee,

v.

James Wayne McGESHICK,
Defendant–Appellant.

No. 93–30395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1994.

Decided Oct. 31, 1994.

Anthony R. Gallagher, Federal Public Defender, Billings, MT, for defendant-appellant.

C. Ed Laws, Asst. U.S. Atty., Billings, MT, and Carl E. Rostad, Asst. U.S. Atty., Great Falls, MT, for plaintiff-appellee.

Before: WOOD, Jr.,* HUG and TANG, Circuit Judges.

HUG, Circuit Judge:

James Wayne McGeshick appeals his conviction for distributing cocaine in violation of 21 U.S.C. §§ 841(a) and 859. He entered a conditional plea of guilty reserving the right to appeal the district court's decision to give an instruction requiring the Government to prove that a "detectable" amount of cocaine was delivered, rather than McGeshick's requested instruction requiring the Government to prove that a "measurable" amount of cocaine was delivered. The sole issue presented is whether the district court erred in refusing to issue McGeshick's requested jury instruction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

On February 15, 1993, McGeshick allegedly distributed a controlled substance to a minor near Fort Peck Indian Reservation, Montana, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 859. A lab report on the Government's evidence identified the substance as cocaine, but also indicated "[n]o sample weight obtainable."

Before trial, the district court held a conference to resolve a dispute regarding the parties' proposed jury instructions. McGeshick's requested jury instruction provided:

> The government is not required to prove the actual amount of the controlled dangerous substance that was allegedly distributed by the defendant.

> The government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance (cocaine) was, in fact knowingly and intentionally distributed by the defendant, James Wayne McGeshick.

McGeshick apparently based his instruction on Ninth Circuit Criminal Model Jury Instruction 9.04P which provides that "[t]he government is not required to prove that the amount or quantity of [cocaine] was as ·charged in the indictment. It need only

---

* Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

prove beyond a reasonable doubt that there was a measurable amount of [cocaine]." The Government submitted a verbatim instruction based on Ninth Circuit Criminal Model Jury Instruction 9.04P except that the Government's instruction substituted "detectable" amount for "measurable" amount.

At the conclusion of the argument, the district court informed McGeshick that it would use the Government's instruction. McGeshick then entered a conditional guilty plea and reserved the right to appeal the district court's decision.

## II.

■ Failure to instruct the jury on an appropriate defense theory is a question of law reviewed *de novo*. *Stewart v. Ragland*, 934 F.2d 1033, 1042 (9th Cir.1991). Whether the instructions issued by the district court adequately cover the defendant's theory of the case presents a question of law reviewed *de novo*. *United States v. Warren*, 25 F.3d 890, 895 (9th Cir.1994).

■ McGeshick is entitled to have the judge instruct the jury on his theory of the case, provided that his theory is "supported by law and has some foundation in the evidence." *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir.1990) (citing *United States v. Lopez*, 885 F.2d 1428, 1434 (9th Cir.1989), *cert. denied*, 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990)). However, McGeshick is not entitled to the specific language that he requests, *see United States v. Washington*, 797 F.2d 1461, 1476–77 (9th Cir.1986), as long as the instruction given by the court adequately embraces his theory of the case. *United States v. Zuniga*, 6 F.3d 569, 572 (9th Cir.1993).

■ McGeshick's theory of the case is that the Government could not prove a measurable amount of cocaine because the lab report indicates "[n]o sample weight obtainable." He contends that Ninth Circuit precedent requires proof that a "measurable" amount of cocaine was delivered, because some of our opinions have used that term, citing *Jordan v. United States*, 416 F.2d 338 (9th Cir.1969), *cert. denied*, 397 U.S. 920, 90 S.Ct. 930, 25 L.Ed.2d 101 (1970), in support of his contention.

■ McGeshick's theory, however, is dependent upon a contention that there is a difference in quantity between a "measurable" amount and a "detectable" amount of a controlled substance, and on the further contention that a prescribed quantity is necessary for conviction. It is doubtful that there is any real distinction between a "measurable" amount and a "detectable" amount. With sophisticated enough instruments a "detectable" amount could be measured. The real purpose of either term is to be able to determine that it is a controlled substance that was distributed. The quantity of the controlled substance is significant for sentencing, but not for conviction. *See United States v. Sotelo–Rivera*, 931 F.2d 1317, 1319 (9th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1186, 117 L.Ed.2d 428 (1992).

■ In *United States v. Eddy*, 549 F.2d 108 (9th Cir.1976), we rejected the defendant's claim that a controlled substance need not contain enough methamphetamine to have a measurable physiological effect. We went on to determine that section 841(a) "contains no 'minimum amount' qualification and we are unwilling to imply one...." *Id.* at 111. Having crossed that substantive threshold, we can find no statutory requirement or policy reason for distinguishing between "measurable" amount and "detectable" amount. We hold that an instruction requiring proof that a detectable amount of the controlled substance was knowingly and intentionally distributed is sufficient to sustain a conviction under section 841(a). Accordingly, we conclude that the district court did not err in deciding to give the Government's requested instruction and refusing to give McGeshick's requested instruction.

**AFFIRMED.**