73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo MARTINEZ-PALACIOS, Defendant-Appellant.
 No. 94-10578.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eduardo Martinez-Palacios ("Martinez") appeals his jury conviction for possession with intent to distribute heroin and importation of heroin in violation of 21 U.S.C. Secs. 841(a)(1) and 952(a). Martinez contends that the district court: (1) erred by denying the motion to suppress his post-arrest statements based on a lack of voluntariness; and (2) abused its discretion by refusing to give Martinez's requested jury instruction. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 1. Voluntariness of Statements
 
 3
 Martinez contends that his post-arrest statements were involuntary and should have been suppressed.[1] We disagree.
 
 
 4
 We review de novo the issue of whether Martinez's statements were voluntary. United States v. Leon Guerrero, 847 F.2d 1363, 1365 (9th Cir.1988). The government must prove voluntariness by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 489 (1972). The test for voluntariness is "whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir.1990) (quoting Leon Guerrero, 847 F.2d at 1366), (cert. denied, 502 U.S. 853 (1991)). Absent threats or other coercive practices, an interrogating agent's promise to inform the government prosecutor about a suspect's cooperation does not render a subsequent statement involuntary, even when accompanied by a promise to recommend leniency or by speculation that cooperation will have a positive effect. Leon Guerrero, 847 F.2d at 1366.
 
 
 5
 Customs agents found three packages of heroin in Martinez's possession. Martinez, who was arrested and read his Miranda rights in Spanish, agreed to speak to the agents. After Martinez made inculpatory statements, the agents suggested a controlled delivery and told Martinez that if he cooperated they would inform the U.S. Attorney of the extent of his cooperation. Because the departure of the Phoenix bus was imminent, Martinez had to make a quick decision as to whether he would participate in a controlled delivery. Martinez testified that, although the agents did not tell him that if he cooperated he would be allowed to go free, he stated that he cooperated "with the hope that they might be lenient with me." When the controlled delivery failed, Martinez was again questioned by agents and made further inculpatory statements.
 
 
 6
 Here, no physical violence or other threats were made against Martinez. The fact that Martinez, out of necessity, was required to make a quick decision as to whether to participate in a controlled delivery did not make the agents' conduct coercive. See Peterson, 924 F.2d at 817. We find that Martinez's statements to government agents were voluntary. See Leon Guerrero, 847 F.2d at 1366. Therefore, the district court did not err by denying Martinez's suppression motion. see id. at 1365.
 
 2. Requested Jury Instruction
 
 7
 Martinez contends the district court abused its discretion by failing to give his requested voluntariness jury instruction. We disagree.
 
 
 8
 A district court's formulation of jury instructions is reviewed for an abuse of discretion. United States v. Linn, 880 F.2d 209, 217 (9th Cir.1989). We review the instructions as a whole to determine whether they were misleading or represented a statement inadequate to guide the jury's deliberations. United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir.1989), cert. denied, 493 U.S. 1083 (1990). A defendant is not entitled to have the jury instructed on the specific language he requested, as long as the instruction given by the court adequately embraces his theory of the case. United States v. McGeshick, 41 F.3d 419, 421 (9th Cir.1994).
 
 
 9
 Here, the district court rejected Martinez's requested jury instruction and gave the Ninth Circuit model jury instruction 4.01. This instruction, which corresponds to the requirements of 18 U.S.C. Sec. 3501, was neither misleading nor inadequate to guide the jury's deliberations. See United States v. Hoac, 990 F.2d 1099, 1108 n. 4 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994); see also Marsh, 894 F.2d at 1040. Accordingly, the district court did not abuse its discretion by refusing to give the jury Martinez's proffered instructions. See McGeshick, 41 F.3d at 421.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Martinez argues that the district court erred by denying Martinez's motion for mistrial based upon the introduction of statements allegedly obtained in violation of Miranda v. Arizona. However, because this issue was not specifically and distinctly raised and argued in Martinez's opening brief, we need not address the matter on appeal. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)