107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Tracy William GANN, Defendant-Appellee.
 No. 96-35021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tracy William Gann appeals the denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for armed robbery. Gann contends that the district court erred by finding that trial counsel was effective, even though he submitted a deficient alibi instruction. We review de novo a district court's decision on a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Gann contends that trial counsel was ineffective because he submitted an alibi instruction that omitted the burden of proof language. Gann argues that he was prejudiced by counsel's actions because the faulty alibi instruction allowed the jury to infer guilt from his inability to establish an alibi defense.
 
 
 4
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, the court may do so without examining the performance prong. Id. at 697.
 
 
 5
 An alibi instruction is critical because a juror may view the defendant's failure to establish the alibi defense as proof of his guilt. United States v. Zuniga, 6 F.3d 569, 570 (9th Cir.1993). To avoid such misinterpretations, a suitable alibi instruction must be given when the defendant produces alibi testimony and requests an instruction as to the burden of proof of his alibi. See United States v. Hairston, 64 F.3d 491, 494 (9th Cir.1995); Zuniga, 6 F.3d at 570; United States v. Ragghianti, 560 F.2d 1376, 1379 (9th Cir.1977). The burden to prove an alibi defense beyond a reasonable doubt never shifts to the accused who offers up the defense. Zuniga, 6 F.3d at 570. Federal Rule of Criminal Procedure 30 provides that proposed jury instructions should be filed in writing at the latest by "the close of evidence or at such earlier time during the trial as the court reasonably directs." Nevertheless, jury instructions are reviewed as a whole, and the trial judge is accorded substantial latitude so long as the instructions fairly and adequately cover the issues presented. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1991).
 
 
 6
 Here, the district court instructed the jury on the elements of the crime, the burden of proof, and Gann's alibi defense.[1] Trial counsel objected to his own alibi instruction after the district court had read the requested instruction to the jury, but before the jury was dismissed to begin deliberations. Additionally, counsel submitted a supplemental instruction that stated that the government had the burden of proving lack of an alibi defense beyond a reasonable doubt. The district court refused to give Gann's supplemental instruction regarding the government's burden of proof in the alibi defense.
 
 
 7
 Even though counsel was not diligent in discovering the omission in the alibi instruction, and thereby deprived Gann of the benefit of the supplemental instruction, counsel's actions did not prejudice Gann's case. See Strickland, 466 U.S. at 688. Although, this court affirmed on direct appeal, because the request for supplemental instruction was untimely, there is no prejudice. Viewed as a whole, the jury instructions adequately covered the issues raised in Gann's trial. See Powell, 955 F.2d at 1210. Finally, there was overwhelming evidence against Gann, in spite of the alibi testimony. Accordingly, Gann received effective assistance from trial counsel. See Strickland, 466 U.S. at 688.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gann's requested alibi instruction stated:
 The government has charged that the defendant committed the bank robbery alleged in the indictment. Witnesses have testified that the defendant was at work at the time the bank robbery occurred.
 You must decide what the facts are. If you have reasonable doubt that the defendant committed the act charged after you have considered all of the evidence, you must find the defendant not guilty.