UNITED STATES of America, Plaintiff–Appellee,

v.

Evàristo GARRIDO–HERNANDEZ, Defendant–Appellant.

No. 99–50502.
D.C. No. CR–98–03232–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2001 *.

Decided June 20, 2001.

R.App. P. 34(a)(2).

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

MEMORANDUM **

Evaristo Garrido–Hernandez appeals his conviction for transportation of illegal aliens. *See* 8 U.S.C. § 1324(a)(1)(A)(ii). We affirm.

■ (1) Garrido first contends that the district court erred when it failed to admit expert opinion evidence on the reliability of eyewitness testimony. We disagree. As the district court pointed out, Garrido never presented sufficient evidence to establish a foundation that the proposed testimony would, in fact, constitute "scientific knowledge," or that the proposed witness would qualify as an expert, or that the evidence would be helpful to the jury. *See Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 591–93, 113 S.Ct. 2786, 2795–96, 125 L.Ed.2d 469 (1993); *United States v. Hicks,* 103 F.3d 837, 847 (9th Cir.1996); *United States v. Rincon,* 28 F.3d 921, 923–25 (9th Cir.1994). The district court did not abuse its discretion. *See Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 138–39, 118 S.Ct. 512, 515, 139 L.Ed.2d 508 (1997).

■ (2) Garrido next contends that the district court erred when it refused to give a special instruction on eyewitness testimony. Again, we disagree. Of course, the district court must assure that the instructions cover the defendant's theory of the defense adequately, but it need not form the instructions in any particular manner. *See United States v. Sarno,* 73 F.3d 1470, 1485 (9th Cir.1995); *United States v. McGeshick,* 41 F.3d 419, 421 (9th Cir.1994); *United States v. Frazin,* 780

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.2d 1461, 1468 (9th Cir.1986). Moreover, "[e]ven where the only evidence is identification evidence, general instructions on the jury's duty to determine the credibility of the witnesses and the burden of proof are fully adequate." *United States v. Miranda,* 986 F.2d 1283, 1286 (9th Cir.1993). Here the instructions allowed Garrido broad scope to argue all of the circumstances that he wished to argue, including possible bias. The district court did not err. *See Sarno,* 73 F.3d at 1485; *McGeshick,* 41 F.3d at 421.

▮ (3) Garrido's final contention is that his due process rights were violated when the government deported many of the aliens who were being transported on the night of the crime. However, the failure to raise this issue in the district court forfeited it, and there was no plain error. *See United States v. Olano,* 507 U.S. 725, 731–36, 113 S.Ct. 1770, 1776–78, 123 L.Ed.2d 508 (1993). His contention raises intensely factual issues because a defendant must show governmental bad faith and prejudice in order to establish the violation in question. *See United States v. Pena–Gutierrez,* 222 F.3d 1080, 1085 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000); *United States v. Dring,* 930 F.2d 687, 693–94 (9th Cir. 1991). The record before the district court plainly shows an absence of bad faith. The government detained two witnesses for trial, one of whom said that Garrido was not the driver. The other aliens said they did not know who the driver was. There was no error.

AFFIRMED.