**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William Gene SCRIBNER,
Defendant—Appellant.**

**No. 04–30488.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 2005.*

Decided Aug. 10, 2005.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Michael W. Lynch, Esq., Yakima, WA, for Defendant–Appellant.

Before: NOONAN, T.G. NELSON, and WARDLAW, Circuit Judges.

FED. R.APP. P. 34(a)(2).

**634**

MEMORANDUM **

William Gene Scribner appeals his conviction and sentence for possession of a listed chemical with intent to manufacture a controlled substance in violation of 21 U.S.C. § 841(c)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm his conviction. We remand his sentence under *United States v. Ameline*.[1] Because the parties are familiar with the facts, we do not recount them here.

The district court properly denied Scribner's motion to dismiss based on outrageous government conduct.[2] The Government's conduct was not outrageous because the Government did not "initiate the criminal activity," but merely worked in concert with Scribner and his co-defendant.[3]

The district court properly denied Scribner's request for a jury instruction on entrapment.[4] An entrapment instruction was not warranted because no evidence indicated that the Government induced Scribner to participate in criminal activity.[5] Accordingly, we affirm Scribner's conviction.

We review Scribner's unpreserved *Booker* claim for plain error.[6] We cannot determine from the record whether the district court would have imposed a materially different sentence if it had known that the Guidelines were advisory, as the Supreme Court held in *United States v. Booker*.[7] Therefore, under *Ameline*, we remand for the limited purpose of making that determination.[8] In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

Conviction AFFIRMED; Sentence REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 409 F.3d 1073 (9th Cir.2005).

2. *United States v. Bridges*, 344 F.3d 1010, 1014 (9th Cir.2003) (stating that the panel reviews a district court's denial of a motion to dismiss an indictment based on outrageous government conduct de novo).

3. *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir.2003).

4. *See United States v. McGeshick*, 41 F.3d 419, 421 (9th Cir.1994) (stating that the panel reviews the district court's failure to give a requested instruction de novo).

5. *See Gurolla*, 333 F.3d at 957.

6. *Ameline*, 409 F.3d at 1078.

7. —— U.S. ——, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005).

8. *See Ameline*, 409 F.3d at 1084.