**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Barac BARAJAS–BANDT, Defendant—
Appellant.**

No. 04–50580.
D.C. No. CR–03–03274–JAH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2005.

Decided Oct. 5, 2005.

U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy A. Scott, Esq., San Diego, CA, for Defendant–Appellant.

Before FARRIS, THOMPSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Petitioner Barajas–Bandt was tried and convicted of attempting to reenter the United States after deportation in violation of 8 U.S.C. § 1326. He challenges the District Court's 1) exclusion of medical records and testimony supporting his diminished capacity defense, 2) admission of statements made to inspectors at the border, 3) refusal to charge the jury with a mistake of fact instruction, and 4) mandatory application of the Sentencing Guidelines.

Admission or exclusion of evidence is reviewed for abuse of discretion, *United States v. Beckman,* 298 F.3d 788, 792 (9th Cir.2002), but only prejudicial error will justify reversal. *United States v. Ives,* 609 F.2d 930, 934 (9th Cir.1979).

There was no error in excluding Barajas–Bandt's medical records under Federal Rule of Evidence 403. The District Court was well within its discretion to conclude that the probative value of the records was outweighed by confusion resulting from extensive use of unexplained medical terminology. Our decision in *United States v. Blaylock* is not to the contrary. 20 F.3d 1458 (9th Cir.1994). In *Blaylock,* the improperly excluded medical records were written in plain language and could be understood without explanation.

The District Court also excluded as irrelevant testimonial evidence of delusional statements made by Barajas–Bandt to his sisters, an investigator, and a forensic psychologist in the months before and after his arrest. The District Court should not have excluded this testimony, but in light of the other evidence offered at trial, its exclusion did not materially affect the verdict. *See United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir.1997) (en banc).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Since illegal reentry is a specific intent offense, requiring the government to prove that "the defendant had the purpose, i.e. the conscious desire, to reenter the United States without the express consent of the Attorney General," any evidence which tends to show that Barajas–Bandt did not have, or lacked the capacity to form, the requisite intent is relevant. *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1196 (9th Cir.2000) (en banc); *see United States v. Hartfield,* 513 F.2d 254, 260 (9th Cir.1975) ("[e]vidence of a defendant's mental condition reasonably near the time when the offense is committed, whether before or after, is ... admissible and may be sufficient to support an inferential conclusion as to the defendant's mental status at the critical time."), *abrogated on other grounds by United States v. Sneezer,* 900 F.2d 177, 179 n. 3 (9th Cir. 1990); *see, e.g., United States v. Sims,* 637 F.2d 625, 629 (9th Cir.1980) (holding that testimony about the defendant's mental state five months before the crime was relevant); *Ives,* 609 F.2d at 932–33 (holding that medical records demonstrating the defendant's mental condition two years after the crime was relevant). Petitioner's delusional statements months before and after his arrest tend to draw into question his mental state on the day of the crime and were not irrelevant.

■ An erroneous exclusion of evidence is nonconstitutional error and "we must reverse ... unless it is more probable than not that the error did not materially affect the verdict." *Morales,* 108 F.3d at 1040. Unlike in *Morales,* the excluded testimony in this case was not the only evidence corroborating Petitioner's claim of diminished capacity. *See id.* Substantial other lay and expert witness testimony as to Barajas–Bandt's delusions and mental state were presented to the jury. Viewed as a whole, this evidence was more than sufficient for a jury to fully consider his diminished capacity defense. We are con-

vinced that the verdict would not have been different had the additional testimony been admitted.

■ Barajas–Bandt next contends that his statements to border inspectors should have been excluded under *Miranda v. Arizona* because their questioning amounted to custodial interrogation. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Our case law simply does not support a finding that being taken to a security office at a secondary border checkpoint amounts to "custody." *See United States v. Butler,* 249 F.3d 1094, 1100 (9th Cir.2001) (holding that detaining a person in a border station's security office from which he or she is not free to leave is not "custody").

■ Petitioner also seeks review of the District Court's refusal to instruct the jury on mistake of fact. Failure to give a defense theory-of-the-case instruction, when supported by law and evidence, is per se reversible error. *United States v. Zuniga,* 6 F.3d 569, 571 (9th Cir.1993). Here, however, Barajas–Bandt seeks an instruction on a defense not supported by the law or evidence. Even if Barajas–Bandt delusionally believed he was beckoned across the border by a government agent, reentry into the United States following deportation is criminal unless the defendant entered believing he had "the express consent of the *Attorney General." Gracidas–Ulibarry,* 231 F.3d at 1196 (emphasis added). While this delusion may support instruction on his diminished capacity defense, the law and facts do not clearly support a mistake of fact instruction since Barajas–Bandt's delusional mistake is not legally sufficient to negate liability for illegal reentry.

■ After Barajas–Bandt was sentenced, the Supreme Court held that the Sentencing Guidelines are advisory, not mandatory. *United States v. Booker,* 543

U.S. 220, 125 S.Ct. 738, 764–67, 160 L.Ed.2d 621 (2005). Since nothing in the record indicates whether the District Court would have imposed the same sentence had it known the Guidelines were non-mandatory, we remand for a limited purpose in accordance with *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005).

AFFIRMED IN PART AND REMANDED FOR A LIMITED PURPOSE.