UNITED STATES of America,
Plaintiff—Appellee,

v.

Sergio Manuel GARCIA–CANO,
Defendant—Appellant.

No. 04–10682.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2006.*

Decided Feb. 23, 2006.

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

* This panel unanimously finds this case suitable for decision without oral argument.

---

Anne E. Mosher, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Rosemary Marquez, Montoya & Marquez, Tucson, AZ, for Defendant–Appellant.

Before: ALARCÓN and MCKEOWN, Circuit Judges, and HOLLAND,** Senior District Judge.

## MEMORANDUM ***

Sergio Manuel Garcia–Cano appeals his conviction and sentence for unlawful reentry, in violation of 8 U.S.C. § 1326. At trial, Border Patrol Agent John E. Doppler testified for the government that he "found" Garcia–Cano in the custody of the Santa Cruz County Sheriff's Department. Garcia–Cano timely requested that a jury instruction on official restraint be given. The trial judge refused to give the proposed instruction, finding that there was no evidence that Garcia–Cano was under official restraint.

■ Although Garcia–Cano did not raise the failure to instruct issue in his opening brief, the government raised the issue in its response and Garcia–Cano addressed the issue in his reply brief. "[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985). But, "[w]e have discretion in certain cases to consider improperly presented claims of error, where the appellee is not misled and the issue has been fully explored." *Id.* at 1404 n. 4. Because the appellee raised the issue and it has been fully briefed, we consider whether the district court erred in failing to give the official restraint instruction requested by Garcia–Cano.

■ A district court's determination that a factual foundation does not exist to support a jury instruction is reviewed for an abuse of discretion. *United States v. Castellanos–Garcia*, 270 F.3d 773, 775 (9th Cir.2001). " 'A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence.' " *United States v. Bello–Bahena*, 411 F.3d 1083, 1088–89 (9th Cir. 2005) (quoting *United States v. Fejes*, 232

---

** The Honorable H. Russel Holland, Senior District Judge for the District of Alaska, sitting by designation.

F.3d 696, 702 (9th Cir.2000)). The very fact that Garcia–Cano was in the custody of county law enforcement officials when "found in" the United States was sufficient to support an official restraint instruction. By failing to give Garcia–Cano's proposed instruction on official restraint, the trial judge deprived Garcia–Cano of the legal framework needed to argue his only apparent defense.

"[F]ailure to instruct the jury on the defendant's theory of the case, where there is evidence to support such instruction, is reversible per se and can never be considered harmless error." *United States v. Zuniga,* 6 F.3d 569, 571 (9th Cir.1993). We therefore reverse the judgment of conviction and remand for a new trial.

Because we reverse the judgment, we do not reach Garcia–Cano's other claims.

REVERSED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.