ALARCÓN, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s conclusion in Part A that we must reverse because of the trial judge’s failure to permit defense counsel to conduct a voir dire examination of Dr. Colosimo. His expert testimony may be sufficient to support a jury’s finding that Christian lacks the capacity to form a specific intent to threaten another. *816 I also agree that Barabin v. AstenJohnson, Inc., 740 F.3d 457 (9th Cir.2014) (en banc), should extend to the exclusion of expert testimony in criminal cases and compels a new trial in this case. I respectfully dissent from the majority’s holding in Part B that the district court did not abuse its discretion by denying Christian’s request for a diminished capacity jury instruction on the record before it.
I agree with the majority that a criminal defendant is entitled to have a jury instruction on any theory that provides a legal defense to the charge against him if there is some support in the record for that defense, and that this is so even when the evidentiary foundation for the defendant’s defense rests solely in the government’s evidence. Maj. Op. at 814 (citing United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.1988); United States v. Bello-Bahena, 411 F.3d 1083, 1090-91 (9th Cir.2005)). I further recognize that this Court has held that “a mere scintilla of evidence supporting the defendant’s theory is not sufficient to warrant a defense instruction.” United States v. Johnson, 459 F.3d 990, 993 (9th Cir.2006) (emphasis added) (internal quotation marks omitted). As the majority opinion notes, however, we have also previously held that “a criminal defendant is entitled to have a jury instruction on any defense which provides a legal defense to the charge against him and which has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.” Maj. Op. at 814 (emphasis added) (quoting Yarbrough, 852 F.2d at 1541).
In an email to Joseph Forti, the Chief of Police of the North Las Vegas Police Department, Christian asserted that he had “assembled 100 armed angry men from Nevada who are ready for civil war if you stop me from protecting my civil rights”; “Get my fucking car or watch a terrorist car thief DIE!!!” Chief Forti testified that Christian was “very disturbed.” The majority concedes that “Christian’s erratic behavior ... supports the inference that he suffered some sort of mental illness.” Maj. Op. at 813. The jury should have been permitted to determine whether they could infer from this evidence of Christian’s mental condition whether his capacity to threaten others was diminished.
“A criminal defendant has a constitutional right to have the jury instructed according to his theory of the case.... ” United States v. Marguet-Pillado, 648 F.3d 1001, 1006 (9th Cir.2011) (internal quotation marks omitted). We held in United States v. Yarbrough, 852 F.2d 1522 (9th Cir.1988), that “a criminal defendant is entitled to have a jury instructed on any defense which provides a legal defense to the charge against him and which has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.” Id. at 1541.
While conceding that the evidence is sufficient to show that Christian suffers from some sort of mental illness, the majority has inferred that this evidence is insufficient to demonstrate diminished capacity. The failure to instruct the jury on the defense of diminished capacity prevented the jury from determining whether the circumstantial evidence of Christian’s mental illness was sufficient or insufficient to persuade it that Christian lacked the capacity to form the intent to threaten others.
A district court’s “failure to instruct the jury on the defendant’s theory of the case, where there is evidence to support such instruction, is reversible per se and can never be considered harmless error.” United States v. Zuniga, 6 F.3d 569, 571 (9th Cir.1993). On this record, I would *817 hold that the district court’s refusal to instruct the jury on Christian’s theory of the case is reversible per se.