**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50465 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00918-BEN-2 |
| v. | |
| DOUGLAS McCLAIN, JR., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 9, 2014
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges, and BELL, District Judge.[**]

Douglas McClain appeals his conviction and sentence following a jury trial for

conspiracy, mail fraud, wire fraud, securities fraud, and money laundering in violation

of 18 U.S.C. §§ 2, 371, 1341, 1343, 1957, and 15 U.S.C. § 78j(b), 78ff. Appellant

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

contends that the district court erred in (1) denying his motion to sever his trial from that of co-defendant Jeffrey Spanier; (2) declining to give his proposed jury instruction; and (3) calculating sentencing enhancements based on financial loss under the Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Appellant's convictions and sentence.[1]

First, we reject Appellant's contention that the district court abused its discretion in denying a trial severance. *See United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988). Appellant has failed to show "clear, manifest, or undue prejudice resulting from joinder." *Adler*, 879 F.2d at 497; *United States v. Tootick*, 952 F.2d 1078, 1082 (9th Cir. 1991).

Appellant and Spanier's defenses were not mutually exclusive, and thus did not prejudice Appellant. *See Tootick*, 952 F.2d at 1078. The jury's acceptance of Spanier's defense that he was unaware of Argyll's intention to sell its borrowers' collateral stocks did not preclude acquittal of Appellant on his defense that the sale of stock was legal under the loan agreement. *See United States v. Mayfield*, 189 F.3d 895, 899-901 (9th Cir. 1999). Moreover, any attempt by Spanier to exculpate himself by inculpating Appellant did not create antagonism sufficient to require severance without a showing

---

[1] As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to aid in understanding this disposition.

of prejudice. *See, e.g.,United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996); *Tootick*, 952 F.2d at 1081; *Adler*, 879 F.2d at 497.

Furthermore, any prejudice Appellant suffered was cured by limiting instructions, which "often will suffice to cure any risk of prejudice." *Zafiro,* 506 U.S. at 539. The district court gave all relevant jury instructions established by *Zafiro*, thus eliminating any risk of prejudice due to conflicting defenses. *See Zafiro*, 506 U.S. at 541; *United States v. Unruh*, 855 F.2d 1363, 1374 (9th Cir. 1987).

Second, the district court correctly declined to provide Appellant's proposed jury instruction because it was an incorrect statement of law in the context of this case. *United States v. Hanousek*, 176 F.3d 1116, 1122 (9th Cir. 1999); *United States v. McGeshick*, 41 F.3d 419, 421 (9th Cir. 1994). The holding of *Rubin v. United States*, 449 U.S. 424 (1981), does not support Appellant's broad contention that a pledge of stock as collateral entitles the secured party to sell the stock. *See Marine Bank v. Weaver*, 455 U.S. 551, 554 n.2 (1982); *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig*. 49 F.3d 541, 543 (9th Cir. 1995).

Moreover, Appellant was not prejudiced by the district court's refusal to provide the requested instruction. The district court did provide Appellant's theory of the defense instruction, and Appellant presented his theory to the jury in his closing argument. *See United States v. Bello-Bahena*, 411 F.3d 1083, 1091 (9th Cir. 2005)

3

(establishing a defendant's entitlement to an instruction on his theory of defense); *United States v. Thomas,* 612 F.3d 1107, 1120 (9th Cir. 2010) (finding instructions, in their entirety, adequately covered the defense's theory). Appellant did not move to re-open his closing argument after the district court declined to provide his requested instruction, nor did he move for a mistrial.

Last, the district court did not err at sentencing when it applied a preponderance of the evidence standard to calculate financial losses as a result of the conspiracy. Because the sentencing enhancements for financial loss were based upon the extent of the conspiracy, the heightened "clear and convincing evidence" standard of proof was not required. *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010) (citing *United States v. Armstead*, 552 F.3d 769, 777 (9th Cir. 2008).

As to the loss calculations, the district court "need only make a reasonable estimate of the loss." Application Note 3(C) to U.S.S.G. § 2B1.1. The loss calculations were based on actual sale price of shares, reduced by amounts paid to the borrowers as loans. *See* Application Note 3(B) to U.S.S.G. § 2B1.1. Appellant provides no legal authority for his contention that the loss methodology adopted by the district court was erroneous.

For the foregoing reasons, the judgment of conviction and sentence are **AFFIRMED.**