**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50534 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00264-SJO-3 |
| v. | |
| SHARETTA MICHELLE WALLACE, AKA Michele Wallace, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50535 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00264-SJO-5 |
| v. | |
| EMILIA E. ZVEREV, AKA Mila Zverev, AKA Emilia Zvereva, | |
| Defendant-Appellant. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| UNITED STATES OF AMERICA, | No. 15-50549 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00264-SJO-1 |
| v. | |
| STEVEN PROSHAK, AKA Yaroslav Proshak, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 10, 2017
Pasadena, California

Before: TASHIMA, GRABER, and CHRISTEN, Circuit Judges.

Defendants Sharetta Wallace, Emilia "Mila" Zverev, and Yaroslav "Steven" Proshak appeal from their convictions and sentences for one count of conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, and five counts of healthcare fraud, in violation of 18 U.S.C. § 1347. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review defendants' sufficiency of the evidence claim to determine "whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the

2

crime beyond a reasonable doubt.'" *United States v. Rios*, 449 F.3d 1009, 1011 (9th Cir. 2006) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The government introduced ample evidence that the subject ambulance company, ProMed Medical Transportation, Inc., transported Medicare beneficiaries for whom ambulance transport was not medically necessary. The government also introduced testimony from several witnesses that defendants instructed ProMed employees to falsify ambulance "run sheets." This evidence was sufficient for reasonable jurors to find defendants guilty of conspiracy to commit healthcare fraud and substantive healthcare fraud. *See United States v. Rutgard*, 116 F.3d 1270, 1280–81 (9th Cir. 1997) (describing sufficiency of the evidence standards for healthcare fraud).

2.     Defendants argue that the district court erred by excluding evidence concerning the "special rule" in Medicare ambulance regulations, 42 C.F.R. § 410.40(d)(2), and declining to issue a jury instruction about the rule. *See United States v. McGeshick*, 41 F.3d 419, 421 (9th Cir. 1994) ("Failure to instruct the jury on an appropriate defense theory is a question of law reviewed *de novo*.").

The district court prevented defendants from misstating the law concerning Medicare regulations, but the district court allowed defendants to present evidence that they relied on the special rule and physician statements of medical necessity in

3

support of their argument that they lacked the requisite mental state to commit fraud. The court's order did not prevent defendants from reading the text of the rule to the jury during testimony. Additionally, the district court accurately instructed the jury on one of the theories behind defendants' special rule argument: that if defendants had a good faith belief that a physician certification was sufficient to establish medical necessity and allowed the ambulance transports in question, they lacked the intent to defraud the government. The district court did not improperly deny defendants the opportunity to present a full defense or err in its instructions to the jury.

3.      Defendants challenge numerous evidentiary rulings. "A district court's evidentiary rulings should not be reversed absent clear abuse of discretion and some prejudice." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014) (en banc) (citation omitted). Having reviewed each of defendants' evidentiary challenges, we find no error. The district court's rulings did not constitute an abuse of discretion, nor did defendants show prejudice.

4.      Defendants argue that the government engaged in misconduct by: 1) interfering with Dr. Firooz Pak's choice to testify; 2) making improper statements in the presence of the jury about a witness working a "graveyard shift"; and 3) making improper statements in the presence of the jury that led jurors to ask

4

to rehear excerpts of defendants' interviews with government agents. We review de novo the district court's refusal to dismiss an indictment for prosecutorial misconduct. *United States v. Spillone*, 879 F.2d 514, 520 (9th Cir. 1989).

Defendants' first allegation of misconduct is most serious. The government's actions regarding Dr. Pak deeply concerned the district court, and we assume without deciding that the government engaged in misconduct by substantially interfering with Dr. Pak's choice to testify. Nevertheless, the district court presented defendants with the option of ordering the government to give Dr. Pak immunity, and they did not call him to testify. Any misconduct by the government did not prejudice defendants. The evidence of defendants' guilt was overwhelming. *Cf. United States v. Vavages*, 151 F.3d 1185, 1189–93 (9th Cir. 1998).

5.     Finding no error, defendants' cumulative error argument fails. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011).

6.     Defendants also argue that the district court erred in its loss and restitution calculations. "We review estimates of loss for clear error." *United States v. King*, 257 F.3d 1013, 1025 (9th Cir. 2001). "The legality of an order of restitution is reviewed *de novo*, and factual findings supporting the order are

reviewed for clear error." *United States v. Luis*, 765 F.3d 1061, 1065 (9th Cir. 2014) (quoting *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007)).

In arriving at the loss and restitution calculation, the district court used the lowest number offered by the government, which included only the amounts that Medicare paid defendants for fraudulent dialysis transports, rather than the larger amounts billed to Medicare. The district court relied on a government agent's declaration concerning thirteen Medicare beneficiaries transported by ProMed, instead of on estimates concerning the percentage of transports that were fraudulent. The district court did not clearly err in arriving at its calculation. *See United States v. Zolp*, 479 F.3d 715, 718–19 (9th Cir. 2007).

7.     Proshak argues that his sentence of 108 months was substantively unreasonable. "The abuse of discretion standard applies to all sentencing decisions, whether the sentence is inside the Guidelines range or outside of it." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court relied on 18 U.S.C. § 3553 factors to sentence Proshak above the advisory Guidelines range. The district court considered Proshak's individual characteristics, including his apparent lack of remorse and the way in which he took advantage of employees during an economic downturn to compel them to

commit fraud.  The district court also considered the flagrant and protracted nature of the offense.  The sentence of 108 months was substantively reasonable.

**AFFIRMED.**