**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10406 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00116-LJO-SKO-1 |
| v. | |
| ROY RODRIGUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 3, 2019
San Francisco, California

Before: LUCERO,** CALLAHAN, and BADE, Circuit Judges.

Roy Rodriguez appeals his sentence following his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Rodriguez argues the district court erred in applying a preponderance of the evidence standard to determine he qualified for a four-level enhancement for possessing a firearm in connection with another felony offense. See U.S.S.G. § 2K2.1(b)(6)(B). We review de novo the question "[w]hether the district court violated due process by using an improper standard of proof" at sentencing. United States v. Berger, 587 F.3d 1038, 1042 (9th Cir. 2009).

"A district court typically uses a preponderance of the evidence standard when finding facts pertinent to sentencing." Id. at 1047. However, "there may be an exception to the general rule that the preponderance standard satisfies due process when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction." United States v. Restrepo, 946 F.2d 654, 659 (9th Cir. 1991) (en banc). This court has identified six factors relevant to determining whether the clear and convincing evidence standard applies to a particular enhancement. See United States v. Jordan, 256 F.3d 922, 928 (9th Cir. 2001) (listing factors). We look to the totality of the circumstances and do not consider any one factor as dispositive. Id. Most of the relevant factors weigh against a heightened standard of review in this case. Considering the totality of the circumstances, we conclude the preponderance standard was appropriate.[1]

---

[1] Because we conclude the district court did not err, we decline to consider the government's arguments regarding preservation and the continued validity of Jordan.

18-10406

Rodriguez also contends the district court violated Rule 32 of the Federal Rules of Criminal Procedure by failing to decide whether pills found in his bedroom contained hydrocodone and oxycodone. This issue is subject to de novo review. United States v. Pineda-Doval, 614 F.3d 1019, 1040 (9th Cir. 2010). We hold the district court satisfied Rule 32. The court explicitly agreed with defense counsel that officers' description of the pills as containing those drugs "turned out to be a very inaccurate statement." Although the court later overruled Rodriguez's objections to the Presentence Investigation Report ("PSR"), the court construed the statements in the PSR about the composition of the pills as descriptions of the officers' beliefs, not as statements of fact about the pills.

Finally, Rodriguez argues the evidence was insufficient to support an enhancement under § 2K2.1(b)(6)(B). "We review a district court's interpretation of the Sentencing Guidelines de novo, and review a district court's factual findings in the sentencing phase for clear error." United States v. Johansson, 249 F.3d 848, 858 (9th Cir. 2001). The district court found Rodriguez committed the offenses of possession of a controlled substance with intent to distribute and attempted possession of a controlled substance with intent to distribute, both of which are felonies. See 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. We conclude that the evidence supports the finding that Rodriguez possessed a firearm in connection with the former offense, and thus do not consider the latter.

Officers discovered a firearm in Rodriguez's bedroom in close proximity to pills containing methamphetamine. See U.S.S.G. § 2K2.1 cmt. 14(B)(ii) (enhancement warranted "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs"). Additional evidence supported the finding that Rodriguez intended to distribute those pills. Although the pills contained only a small amount of methamphetamine, the definition of "controlled substance" includes "any material, compound, mixture, or preparation which contains any quantity of" methamphetamine. 21 C.F.R. § 1308.12(d); see 21 U.S.C. § 802(6). Any detectable amount is sufficient to satisfy the statutory definition. United States v. McGeshick, 41 F.3d 419, 421 (9th Cir. 1994). Further, even if Rodriguez was mistaken about the particular controlled substance contained in the pills, that mistaken belief would not provide a defense. See Quintero v. United States, 33 F.3d 1133, 1136 (9th Cir. 1994).

**AFFIRMED**.

18-10406